THOMPSON, Judge,
dissenting.
The effect of the majority opinion is to nullify § 832.07(2)(c), Fla.Stat., which authorizes the use of a check cashing identification card number in lieu of requiring the party accepting a check to place on the check the full name, residence address, home phone number, business phone number, place of employment, sex, date of birth, height, and race of the party issuing the check, if such information is on the card application. The check cashing identification card method is of benefit and is a convenience and time saver to the party issuing the check, the party accepting the check, and to parties in a checkout line who otherwise would have to wait while the clerk accepting the check obtains and records the maker’s full name, residence address, phone number, business phone number, place of employment, sex, date of birth, height, and race.
Section 832.07(l)(a), Fla.Stat., provides in part:
Notice mailed by certified or registered mail, evidenced by return receipt, to the address printed on the check or given at the time of issuance shall be deemed sufficient and equivalent to notice having been received by the maker or drawer, whether such notice shall be returned undelivered or not. (Emphasis supplied.)
Subsection 832.07(2)(b), Fla.Stat. provides that the information as to the full name, residence, etc. “shall be written upon the check.” (Emphasis supplied.) Subsection (2)(c) further provides that this information may be recorded on the check itself or “the number of a check-cashing identification card issued by the accepting party may be recorded on the check.” (Emphasis supplied.) The number of Gazelle’s check cashing card was placed on the check. This constituted compliance with the statute and Winn-Dixie Stores, Inc. should be immune from the suit filed against it. It might be pointed out that the checks in question did not bear the street address or phone number of Gazelle and that the application for the check cashing identification card contained an address that he lived at for only a short period of time, if at all, and the phone number given at that address was fictitious as he had no phone. Under these circumstances Winn-Dixie Stores, Inc. should be entitled to the full benefit and immunity of the statute.